FILED

00 JAN 28 PM 4:01

CLERK U.S
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MARITRANS OPERATING
PARTNERS L.P.,

      Plaintiff,

vs.

CASE NO.: 8:00 CV-187-T-23 E

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, in personam,
and the M/V SENSATION, her engines, tackle,
appurtenances, etc., in rem,

      Defendants.

_____/

## COMPLAINT

Plaintiff MARITRANS OPERATING PARTNERS L.P. ("Maritrans"), by and through its

undersigned counsel, sues defendants CARNIVAL CORPORATION d/b/a CARNIVAL

CRUISE LINES ("Carnival"), in personam, and the M/V SENSATION, in rem, and asserts:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure. Jurisdiction is pursuant to the admiralty and maritime

jurisdiction of the United States District Courts, 28 U.S.C. §1333.

2.      Plaintiff Maritrans is a Delaware limited partnership registered to do business in

Florida. Maritrans maintains an office and place of business in Tampa, Florida. Maritrans is

engaged in the interstate transportation over water of petroleum products.

3.      At all material times hereto, Maritrans was the owner and operator of the tug and

barge unit NAVIGATOR/OCEAN 250 ("NAVIGATOR/OCEAN 250").

1



4.     Defendant Carnival is a Panamanian corporation registered to do business in Florida. Carnival conducts continuous and systematic business within Florida and maintains an office in Miami, Florida.

5.     At all material times hereto, Carnival was the owner and operator of the passenger vessel SENSATION, which vessel is now or will be during the pendency of this lawsuit, within the navigable waters of this District and within the jurisdiction of this Honorable Court.

6.     At all material times, the SENSATION navigated under the custody and control of a compulsory pilot, the vessel's master, and the vessel's crew.

7.     On 7 February 1999, the SENSATION and NAVIGATOR/OCEAN 250 were inward bound in Cut B channel in Tampa Bay.

8.     At approximately 0500 hours, the SENSATION overtook the NAVIGATOR/OCEAN 250 and, without any reasonable basis, cut directly in front of the NAVIGATOR/OCEAN 250.

9.     As a result of the negligent and improper navigation of the SENSATION in overtaking and cutting too close in front of the NAVIGATOR/OCEAN 250, the NAVIGATOR/OCEAN 250 sheared to port and grounded on the west side of the channel.

10.     The aforesaid grounding and resulting damages were not caused, or contributed to, by any fault or negligence on the part of Maritrans or the NAVIGATOR/OCEAN 250 or of the persons in charge of her, or of any person for whom Maritrans was or is responsible, but were caused solely by the negligent navigation of the SENSATION, her master, pilot and crew, and also by the negligence of Carnival, all in the following particulars among others:

(a)     The SENSATION crowded and embarrassed the safe navigation of the

NAVIGATOR/OCEAN 250, forcing the NAVIGATOR/OCEAN 250

aground;

(b)     The SENSATION failed to navigate in compliance with the applicable

Inland Navigation Rules, applicable local customs of navigation, and

applicable statutes and regulations designed to prevent, collisions,

groundings, and oil spills, including but not limited to:

(i)     violating the Inland Navigational Rules of the Road, 33 U.S.C.

2005 (Rule 5), for failing to maintain a proper and adequate

lookout;

(ii)    violating the Inland Navigational Rules of the Road, 33 U.S.C.

2006 (Rule 6), for failing to maintain a safe speed during the

overtaking;

(iii)   violating the Inland Navigational Rules of the Road, 33 U.S.C.

2007 (Rule 7), for failing to use all available means to determine

that a risk of collision existed between the SENSATION and the

NAVIGATOR/OCEAN 250;

(iv)    violating the Inland Navigational Rules of the Road for overtaking,

33 U.S.C. 2013 (Rule 13), for failing to keep out of the overtaken

vessel's way; and

(v)     violating the Standards of Training, Certification and

Watchkeeping (STCW) 95 II/2 on the part of Carnival for having

3

an unlicensed master directing the movements of the

SENSATION.

(c)     The SENSATION was negligently and improperly navigated and

maneuvered by her captain, pilot and crew;

(d)     The SENSATION failed to exercise good seamanship and general

prudence required under the circumstances;

(e)     The SENSATION was unseaworthy, in that it was commanded and

manned by improperly licensed and incompetent personnel;

(f)     When the danger of embarrassing the NAVIGATOR/OCEAN 250's

navigation was or should have been apparent, the SENSATION failed to

take any or proper steps to avoid it; and

(g)     Such other navigational faults on the part of the SENSATION, her captain,

pilot and crew, her owners and operators, all as will be further developed

during the pendency of these proceedings and during trial.

11.     Maritrans claims a maritime lien against the SENSATION as a result of the

aforesaid grounding and Maritrans sues herein to enforce its maritime lien against the

SENSATION.

12.     By reason of the aforesaid grounding, Maritrans sustained damages in excess of

$643,133.06, as nearly as can be ascertained at this time, including the cost of temporary and

permanent repairs, loss of use of the vessel during repairs, survey fees and other incidental

expenses, no part of which sum has been paid, although duly demanded.

4

**WHEREFORE**, plaintiff Maritrans prays that:

1.    The Honorable Court enter judgment in Maritrans' favor against Carnival and the SENSATION for the total amount of its claim asserted herein, namely $643,133.06, together with all costs and interest from the date of the casualty.

2.    Process in due form of law, according to the practices of this Honorable Court, in cause of admiralty and maritime jurisdiction may issue against Carnival, citing it to appear and answer under oath all and singular the matters aforesaid, and that judgment be entered against Carnival for the total amount of the claim asserted herein.

3.    Process in due form of law, according to the practices of this Honorable Court, in causes of admiralty and maritime jurisdiction may issue against the SENSATION, seizing and arresting said vessel, and that all persons having or claiming an interest therein may be cited to appear and answer under oath all and singular the matters aforesaid, and that after due proceedings, said vessel be condemned and sold to satisfy judgment in favor of plaintiff Maritrans.

Respectively submitted,

David W. McCreadie
Florida Bar Number 308269
LAU, LANE, PIEPER, CONLEY
 & McCREADIE, P.A.
Post Office Box 838
Tampa, Florida 33601-0838
Telephone: (813) 229-2121
Attorneys for Plaintiff

5

## VERIFICATION

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

BEFORE ME, the undersigned authority, personally came and appeared DAVID W. McCREADIE, who, after being duly sworn, did depose and state:

1.    He is a partner in the law firm of Lau, Lane, Pieper, Conley & McCreadie, P.A., 100 S. Ashley Dr., Suite 1700, Tampa, Florida, 33602, attorneys for Maritrans Operating Partners L.P.

2.    He has read the foregoing complaint and knows the contents thereof, and that the same are true and correct to the best of his knowledge, information, and belief.

3.    The source of his knowledge and belief is information provided and documents furnished to him by Maritrans Operating Partners L.P. and information obtained through investigation into the circumstances of this casualty.

_____
DAVID W. McCREADIE

Sworn to and subscribed before me this 28th day of January 2000.

_____
Notary Public

Janice E. Smith
MY COMMISSION # CC690211 EXPIRES
February 17, 2002
BONDED THRU TROY FAIN INSURANCE, INC.

6